IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NORMA DEBOARD                                                                    PLAINTIFF

V.                            CASE NO. 3:14-cv-00297-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                     DEFENDANT
Social Security Administration

### MEMORANDUM AND ORDER

Plaintiff Norma Deboard filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

### I.     PROCEDURAL HISTORY

Ms. Deboard protectively filed her application for SSI on December 11, 2011, alleging a disability onset date of September 23, 2007. (R. at 12.) She alleged complications from depression, a borderline split personality, lack of concentration, memory loss, violent mood swings, and anxiety. (R. at 195.) The Social Security Administration denied Ms. Deboard's claim at the initial and reconsideration levels. (R. at 12.) On March 7, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 33.) At the hearing, Ms. Deboard moved to amend the alleged-onset date to December 19, 2011, because the Commissioner had already issued a final decision that Ms. Deboard was not disabled prior to that date. (R. at 33-34.) On April 17, 2013, the ALJ issued an unfavorable decision, denying Ms. Deboard's claim. (R. at 40.) On October 20, 2014, the Appeals Council denied her request for review. (R. at 1.)

On December 15, 2014, Ms. Deboard filed a complaint against the Commissioner, appealing the ALJ's denial of SSI. (Pl.'s Compl. 1, ECF No. 2.) On December 29, 2014, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 12; Def.'s Br., ECF No. 13.)

## II.     ADMINISTRATIVE PROCEEDINGS

Ms. Deboard was forty-one years old at the time of the administrative hearing and had received her GED. (R. at 37-38.) She had past relevant work as a hotel clerk. (R. at 23.) The ALJ applied the five-step sequential evaluation process to Ms. Deboard's claim.[1] (R. at 13.) The ALJ found that Ms. Deboard satisfied the first step because she had not engaged in substantial gainful activity. (R. at 14.) At step two, the ALJ found that Ms. Deboard suffered from the severe medical impairments of a history of asthma, anxiety, depression, and borderline personality disorder. (R. at 14.) At step three, the ALJ found that Ms. Deboard did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 15.) Before proceeding to step four, the ALJ found that Ms. Deboard had a residual functional capacity ("RFC") to perform the full range of work at all exertional levels, with the following limitations:

---

[1] The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

> [s]he can perform no greater than unskilled work, defined as the able to understand, retain, and carry out simple instructions, make simple work-related decisions, perform work where the complexity of a task is learned and performed by rote with few variables[,] little judgment, work with few changes, work where interpersonal contact is incidental to the work performed; and work where supervision is simple, direct, and concrete. She is limited to only occasional contact with high concentrations of dust, fumes, gases, odors, smoke, poor ventilation, or other airborne irritants.

(R. at 17.) In making the RFC determination, the ALJ found that Ms. Deboard was not credible regarding the persistence and limiting effects of her impairments' symptoms. (R. at 18.) The ALJ found at step four that Ms. Deboard was not capable of performing her past relevant work. (R. at 23.) At step five, the ALJ determined that there were jobs available in significant numbers in the national and local economy that Ms. Deboard could perform, such as a marker, storage facility rental clerk, and furniture rental clerk. (R. at 24.) Therefore, the ALJ found that Ms. Deboard was not disabled. (R. at 24.)

### III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence

test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV.   DISCUSSION

Ms. Deboard argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br.1, ECF No. 12.) Specifically, Ms. Deboard alleges that substantial evidence does not support the ALJ's determinations at step three and step five. (*Id.* at 2-13.)

### A.   STEP THREE

Ms. Deboard contends that substantial evidence does not support the ALJ's analysis at step three. (*Id.* at 2-3.) She agues that she met listings 12.04, 12.06, and 12.08. (*Id.* at 3.) The Commissioner responds that substantial evidence supports the ALJ's decision. (Def.'s Br. 4-16.)

"To meet a listing, an impairment must meet all of the listing's specified criteria." *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (citing *Sullivan v. Zebley*, 493 U.S. 520, 530 (1990)). It is the plaintiff's burden to prove that she meets a listing. *Sullivan*, 493 U.S. at 530.

Each of the three listings that Ms. Deboard claims she met has three separate

paragraphs, labeled "A," "B," and "C." 20 C.F.R. Pt. 404, Supbt. P, App. 1, §§ 12.04, 12.06, 12.08. While the "A" and the "C" paragraphs differ between the listings, the "B" paragraphs are the same throughout the listings. *Id.* Ms. Deboard had to prove that she either met paragraphs "A" and "B" of the same listing, or paragraph "C" of any of the listings. *Id.* The ALJ held that Ms. Deboard did not prove that she met the paragraph "B" criteria or the paragraph "C" criteria from any of the listings. (R. at 16-17.)

To meet the paragraph "B" criteria, Ms. Deboard would have to prove that she has a marked limitation in at least two of the following: "activities of daily living;" "maintaining social functioning;" "maintaining concentration, persistence, or pace;" or "repeated episodes of decompression, each of extended duration." A marked limitation is more than a moderate limitation, but less than an extreme limitation. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(C). Ms. Deboard argues that she has extreme limitations in all four areas. (Pl.'s Br. 3-10, ECF No. 12.)

The ALJ relied on Jon Etinne Mourot, Ph.D., and Suzanne Gibbard, Ph.D.'s determinations. (R. at 16.) The ALJ also considered Ms. Deboard's Function Report that she completed in January 2012. (R. at 16.) In doing so, the ALJ found that Ms. Deboard had moderate limitations in activities of daily living and maintaining concentration, persistence or pace, mild difficulties in maintaining social functions, and no evidence of any repeated episodes of decompression. (R. at 16.)

Substantial evidence supports the ALJ's determinations. In her brief, Ms. Deboard quotes the parts of Dr. Gibbard's opinions and her Function Report to show that she has

limitations. The ALJ considered this evidence and agreed that she has limitations; however, there is no evidence that her limitations in these areas are marked. Ms. Deboard also cites medical records from before the alleged-onset date to prove that she has extreme limitations. While these records may be informative in looking at the claimant's mental health history, they are not sufficient to prove that Ms. Deboard had a listed impairment during the relevant period. *See Freeman v. Apfel*, 208 F.3d 687, 691 (8th Cir. 2000) (holding that an ALJ did not have to give controlling weight to a treating physician's opinion outside the relevant period). Even considering the medical records that predate the alleged-onset date, there is no objective evidence in the record to show that she had marked limitations in any of the four areas of paragraph "B." Because all the objective evidence shows that Ms. Deboard did not prove that she had a marked impairment in any of the paragraph "B" areas, substantial evidence supports the ALJ's determination.

Ms. Deboard argues that her drugs caused drowsiness, and this should be factored into the ALJ's decision. After reviewing the entire record, including the effects of the drugs, there is no evidence of marked limitations in any of the four areas required by paragraph "B."

Since Ms. Deboard does not argue that she met any of the paragraph "C" criterion, substantial evidence supports the ALJ's step three determination.

    B.    STEP FIVE

Ms. Deboard argues that the ALJ did not accept the vocational expert's ("VE's") opinion that there was no work available for someone with her conditions. At the administrative hearing, the ALJ asked the VE a hypothetical question that matched the ALJ's

RFC assessment. (R. at 51-52.) The VE did not understand the question, and believed the ALJ was asking about someone restricted to light work. (R. at 53.) However, once the VE understood the hypothetical properly, he stated that the hypothetical person with Ms. Deboard's RFC could be a marker, storage facility rental clerk, and furniture rental clerk. (R. at 53-54.) The ALJ used this to form his step five conclusion that there are jobs available for Ms. Deboard that exist in significant numbers in the national and local economies. (R. at 24.) Substantial evidence supports this conclusion.

Ms. Deboard makes a two-sentence argument that the ALJ's RFC assessment did not properly include her memory problems and concentration problems. (Pl.'s Br. 12, ECF No. 12.) The ALJ properly considered Ms. Deboard's memory and concentration problems, and restricted her accordingly in the RFC determination. Ms. Deboard does not allege what further restrictions the ALJ should have placed on her to account for these problems. Therefore, substantial evidence supports the ALJ's RFC assessment.

## V.   CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the]

conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 17th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE